**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEC IACONE,<br><br>                    Plaintiff,<br><br>           v.<br><br>HUNTER JANOFF, *et al.*,<br><br>                    Defendants. | Civil Action No. 19-13516 (ES) (SCM)<br><br>OPINION |

It appearing that:

    1.    In the Court's June 30, 2020 Order granting defendants Allan Janoff and Debra Janoff's ("Janoffs") motion to dismiss, the Court dismissed *without prejudice* Counts IV, V, and VI of plaintiff Alec Iacone's ("Plaintiff") complaint asserted against the Janoffs. (D.E. No. 32). The June 30, 2020 Order also allowed Plaintiff to amend his complaint within 30 days from the entry of the accompanying Opinion, and Plaintiff was notified that failure to timely file an amended complaint, or to cure the deficiencies identified by the Court in its Opinion, may result in dismissal with prejudice. (*Id.* at 2).

    2.    When no amended complaint was filed within the delineated time frame, on August 6, 2020, the Janoffs filed a letter asking the Court to dismiss all claims asserted against them with prejudice. (D.E. No. 34). Subsequently, Magistrate Judge Mannion entered a text order canceling a prescheduled telephone conference in light of Plaintiff's failure to amend his complaint. (D.E. No. 35). In response, Plaintiff filed a letter on September 14, 2020, stating that "[a]lthough plaintiff did not amend his complaint, the case is proceeding against the two other defendants." (D.E. No. 36). Plaintiff did not raise any objection to the Janoffs' request to dismiss the claims

against them with prejudice in his September 14, 2020 Letter.

3. Accordingly, on September 15, 2020, Judge Mannion ordered the parties to file "a proposed order regarding the limited dismissal." (D.E. No. 37). The Janoffs filed a proposed order on September 22, 2020. (D.E. No. 38). Plaintiff, for the first time on September 22, 2020, filed his opposition to dismissal with prejudice. (D.E. No. 40). Plaintiff argues that the Court's June 30, 2020 Order dismissing the claims against the Janoffs "was predicated on the complaint not alleging that [the Janoffs] were licensed alcoholic beverage servers." (*Id.*) (internal quotation marks omitted). Plaintiff further argues that he "should be afforded the opportunity to move to re-join the Janoffs" should discovery uncover that the Janoffs were licensed beverage servers. (*Id.*). Finally, Plaintiff argues that the ongoing pandemic makes it difficult for him to obtain information from the State of New Jersey. (*Id.*).

4. The Court is not persuaded by any of Plaintiff's arguments. The Court's June 30, 2020 Order dismissed without prejudice all claims against the Janoffs, including the negligence claim (Count IV), negligent hiring and supervision claim (Count V), and the Licensed Server Liability Act violation. (D.E. No. 32 at 1). As the Court's June 30, 2020 Opinion clearly stated, whether the Janoffs are licensed alcoholic beverage servers is only relevant to the claims asserted under the Licensed Server Liability Act.[1] (*See* D.E. No. 33 at 6–7 (stating that "because Plaintiff does not allege that Allan and Debra Janoff are 'licensed alcoholic beverage sever[s]' as defined in the Licensed Server Liability Act, the claim asserted against Allan Janoff under the Licensed Server Liability Act must be dismissed.") (internal citation omitted)). Thus, regardless of whether the Janoffs are licensed alcoholic beverage servers, the claims asserted against them for negligence and negligent hiring and supervision must be dismissed with prejudice because Plaintiff failed to

---

[1] As the Court previously noted, the claims under the Licensed Server Liability Act were only asserted against Allan Janoff and not against Debra Janoff. (D.E. No. 32 at 6; D.E. No. 1 ¶ 63).

amend his complaint or to cure the deficiencies identified by the Court.

5.      Moreover, in their reply brief in support of their motion to dismiss filed on October 28, 2019, the Janoffs represented to the court that "neither Allan Janoff nor Debra Janoff are listed on the liquor license held by Crystal Plaza. Rather, the Liquor License was issued to Crystal Plaza, Inc." (D.E. No. 23 at 4 n.3). Plaintiff had months before the outbreak of the current COVID-19 pandemic to verify this information but did not. In addition, the scheduling order operative during the pendency of the motion to dismiss specified that the parties may serve interrogatories by November 29, 2019, to be responded to within thirty days of receipt. (D.E. No. 22 ¶ 5). Thus, Plaintiff could have obtained admissible evidence through interrogatories as to whether the Janoffs are licensed alcoholic beverage servers. The ongoing pandemic thus does not excuse Plaintiff's or his counsel's tardiness in conducting the necessary investigation during discovery, or even before he brought the claim against Allan Janoff under the Licensed Server Liability Act. *See* Fed. R. Civ. P. 11 (b) ("[b]y presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed *after an inquiry reasonable under the circumstances* . . . the factual contentions have evidentiary support or, if superficially so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." (emphasis added)).

Accordingly, IT IS on this 28th day of October 2020,

**ORDERED** that, pursuant to the Court's June 30, 2020 Order (D.E. No. 32) and for the reasons stated herein, all claims asserted against the Allan Janoff and Debra Janoff's in Plaintiff's complaint (D.E. No. 1) are DISMISSED *with prejudice*.

    *s/ Katharine S. Hayden*
    **Katharine S. Hayden, U.S.D.J.**